UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AARON BLAKE ROBERTSON, : | |
|     Plaintiff, : | |
| : | |
| v. : | No. 24-cv-1381 |
| : | |
| JACQULYN E. PFURSICH, : | |
|     Defendant. : | |

MEMORANDUM

**Joseph F. Leeson, Jr.**                                                                                                                                 **May 31, 2024**
**United States District Judge**

Currently before the Court is an Amended Complaint filed by *pro se* Plaintiff Aaron Blake Robertson, an inmate currently confined at SCI Dallas, alleging that his rights were violated during his state court criminal prosecution. Robertson seeks leave to proceed *in forma pauperis*. For the following reasons, the Court will grant Robertson leave to proceed *in forma pauperis* and dismiss his Amended Complaint.

I.     **FACTUAL ALLEGATIONS AND LITIGATION HISTORY**[1]

On January 29, 2024, Robertson commenced a civil action in this Court alleging civil rights violations and state law claims based on events that occurred during his prosecution in state court. *See Robertson v. Pfursich*, Civil Action No. 24-0444 (E.D. Pa.). Named as Defendants were Edwin George Pfursich, Esquire, Robertson's counsel in the state criminal matter, as well as Jacqulyn E. Pfursich, who Robertson identified as the Clerk of Court in

---

[1] The following facts are taken from the Amended Complaint and the publicly available docket for a prior civil action filed by Robertson, of which this Court takes judicial notice. *See Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006) (courts may consider "matters of public record" in determining whether a pleading has stated a claim); *Oneida Motor Freight, Inc. v. United Jersey Bank*, 848 F.2d 414, 416 n.3 (3d Cir. 1988) (holding that court may take judicial notice of the record from previous court proceedings).

Lancaster County, Pennsylvania. Robertson alleged that Edwin Pfursich misled him, causing Robertson to accept a guilty plea deal that was not in his favor. He also claimed that Jacquelyn Pfursich withheld information and failed to disclose evidence that was favorable to him.

By Memorandum and Order dated February 9, 2024, the Court granted Robertson leave to proceed *in forma pauperis* and dismissed the federal claims against Mr. Pfursich with prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). (Civil Action No. 24-0444, ECF Nos. 5, 6.) Robertson's federal claim against Ms. Pfursich was dismissed without prejudice for failure to comply with the Federal Rules of Civil Procedure and pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim, because Robertson's allegations were far too ambiguous to proceed as pled. (Civil Action No. 24-0444, ECF No. 5 at 6.) Additionally, Robertson's state law claims were dismissed without prejudice for lack of subject matter jurisdiction. (Civil Action No. 24-0444, ECF No. 5 at 7-8.) Robertson was given leave to file an amended complaint to correct the defect in his federal claim against Ms. Pfursich. He filed an Amended Complaint on March 11, 2024.

In the Amended Complaint, Robertson named as the sole Defendant Jacquelyn E. Pfursich, who was alleged to have been the Clerk of Court of Lancaster County at the time of Robertson's criminal prosecution there. (Civil Action No. 24-0444, ECF No. 8 at 4.) Robertson claimed that Pfursich failed to file "the proper report" and failed to disclose evidence favorable to him. (*Id.* at 1.) He further contended that the coroner's reports and "main evidence . . . dates and reports of evidence do not add up or match." (*Id.*) According to Robertson, if Pfursich did not falsify records, or disclose his hospital records or a "statement to Lancaster City police about my past[,] no murder of the third degree deal would have been in play for me to take as a charge." (Civil Action No. 24-0444, ECF No. 8 at 1-2.) Robertson also asserted that Pfursich

was investigated for taking home high-profile cases in July 2022, and his was a high-profile case. (Civil Action No. 24-0444, ECF No. 8 at 2.) He again sought monetary damages as relief. (*Id.* at 7.)

In a March 22, 2024 Memorandum, the Court screened the Amended Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and determined that Robertson's allegations concerning the actions of the Lancaster County Clerk of Court during his criminal trial were best construed as raising an access to the courts claim under 42 U.S.C. § 1983. (Civil Action No. 24-0444, ECF No. 10 at 5-6 (citing *Johnson v. McGinley*, 2022 WL 1297113, at *4 (M.D. Pa. Mar. 3, 2022) (concluding that the inmate's allegation that the Clerk of Court failed to send out legal documents raised the "fundamental constitutional right of access to the courts" embodied in the First and Fourteenth Amendment) (citing *Lewis v. Casey*, 518 U.S. 343, 346 (1996))). The Court further determined that this claim was, however, barred by the "favorable termination" rule of *Heck v. Humphrey*, 512 U.S. 477 (1994), because success on the claim necessarily implied the invalidity of his conviction by way of a guilty plea. (*See* Civil Action No. 24-0444, ECF No. 10 at 6-7.) Because Robertson did not allege that his conviction was invalidated and the public docket reflected that the conviction was still valid, any claim that implied the invalidity of his intact state court conviction was not cognizable in a § 1983 action. (*Id.* at 8 (citing *Garrett v. Murphy*, 17 F.4th 419, 429 (3d Cir. 2021)).) Accordingly, the Court dismissed the access to the courts claim without prejudice to Robertson refiling it in a new lawsuit only in the event his conviction was invalidated. (Civil Action No. 24-0444, ECF Nos. 10 and 11.) The Court also dismissed any state law claims without prejudice for lack of jurisdiction.[2]

---

[2] Robertson attempted to file several additional Amended Complaints after the case was closed, but these were stricken as unauthorized. (Civil Action No. 24-0444, ECF Nos. 12, 13, 16, 18, 19.)

On April 4, 2024, Robertson commenced the instant civil action based on the same events at issue in Civil Action No. 24-0444. (ECF No. 1.) Because Robertson failed to file an application to proceed *in forma pauperis*, or pay the required fees necessary to commence a civil case in this court, he was ordered to do so within thirty days. (ECF No. 3.) Instead, on April 25, 2024, Robertson filed a motion for an extension of time to file an amended complaint. (ECF No. 4.) On May 15, 2024, Robertson then filed a motion for leave to proceed *in forma pauperis*, as well as the required prison account statement. (ECF Nos. 5, 6.) The following day, he filed two documents titled "Amended Complaint." (ECF Nos. 7 and 8.)[3] The first is a typed document and the second is a standard form complaint for use in prisoner civil rights cases. The Court will consider these documents together as comprising the Amended Complaint.

Robertson again names Jacquelyn E. Pfursich as Defendant. (ECF No. 7 at 1; ECF No. 8 at 1-2.) Robertson again seeks to present a claim pursuant 42 U.S.C § 1983, alleging that his constitutional rights were violated by Ms. Pfursich when she, acting as Clerk of Court of Lancaster County, tampered with court documents. (ECF No. 7 at 1-2.) He avers that his due process rights were violated, as well as his rights to equal protection of the laws and his rights under the Universal Declaration of Human Rights. (*Id.* at 2-3.) Robertson also makes passing references to negligence, defamation, slander, and other state law causes of action. (*Id.* at 2-3.) According to Robertson, he took a plea on a murder charge when he could have taken a lesser

---

[3]   On May 8, 2024, Robertson filed in this Court a Civil Complaint form for use in the Court of Common Pleas of Lancaster County. In accordance with its responsibilities under Federal Rule of Civil Procedure 5, the Clerk of Court opened a third civil action, Civil Action No. 24-2012. By Order dated May 23, 2024, Robertson was directed to either pay the required fees or submit an application to proceed *in forma pauperis*, if he intended to commence a third civil action. (*Robertson v. Pfursich*, Civil Action No. 24-2012, at ECF No. 4.) Robertson also has a pending habeas petition. *See Robertson v. Pfursich*, Civil Action No. 24-1488.

4

charge.  (ECF No. 8 at 5.)  Robertson seeks monetary damages, and avers that his conviction should be invalidated.[4]  (ECF No. 7 at 2; ECF No. 8 at 5.)

## II.     STANDARD OF REVIEW

The Court will grant Robertson leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action.[5]  Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the Amended Complaint if it fails to state a claim.  Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted); *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021).  Conclusory allegations do not suffice.  *Iqbal*, 556 U.S. at 678.

As Robertson is proceeding *pro se*, the Court construes his allegations liberally.  *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021).  "This means we remain flexible, especially 'when dealing with imprisoned *pro se* litigants[.]'"  *Id.* (quoting *Mala v. Crown Bay Marina, Inc.*, 704

---

[4]     To the extent that Robertson seeks to be released from custody, the Court cannot grant such relief in this matter.  A prisoner seeking dismissal of state charges because of constitutional violations must pursue his claims in a petition for a writ of *habeas corpus*.  *See* 28 U.S.C. § 2254; *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) (holding that when a prisoner "is challenging the very fact or duration of h[er] physical imprisonment, and the relief [s]he seeks is a determination that [s]he is entitled to immediate release or a speedier release from that imprisonment, h[er] sole federal remedy is a writ of habeas corpus"); *Garrett*, 17 F.4th at 430 ("[W]henever a plaintiff pleads a violation of § 1983 and effectively seeks habeas relief, the plaintiff fails to state a § 1983 claim.  Instead, the prisoner's only federal remedy is through a writ of habeas corpus after exhausting state remedies.").  As noted *supra*, Robertson has a pending *habeas* matter.  *See Robertson v. Pfursich*, Civil Action No. 24-1488.

[5]     Because Robertson is a prisoner, he will be obligated to pay the filing fee in installments in accordance with the Prison Litigation Reform Act.  *See* 28 U.S.C. § 1915(b).

F.3d 239, 244 (3d Cir. 2013)). The Court will "apply the relevant legal principle even when the complaint has failed to name it." *Id.* However, "'*pro se* litigants still must allege sufficient facts in their complaints to support a claim.'" *Id.* (quoting *Mala*, 704 F.3d at 245).

Furthermore, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3); *Group Against Smog and Pollution, Inc. v. Shenango, Inc.*, 810 F.3d 116, 122 n.6 (3d Cir. 2016) (explaining that "an objection to subject matter jurisdiction may be raised at any time [and] a court may raise jurisdictional issues *sua sponte*"). A plaintiff commencing an action in federal court bears the burden of establishing federal jurisdiction. *See Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015) ("The burden of establishing federal jurisdiction rests with the party asserting its existence." (citing *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006))).

### III.    DISCUSSION

#### A.    Federal Civil Rights Claim

Robertson again brings a claim pursuant to 42 U.S.C. § 1983, the vehicle by which federal constitutional claims may be brought against state actors in federal court. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). The Court understands Robertson to present the same claim that he raised in his prior case. He claims that Defendant Pfursich violated his constitutional rights when she allegedly tampered with court documents which caused him to take a plea on a murder charge when he could have taken a lesser charge. (ECF No. 7 at 2; ECF No. 8 at 5.)

As in his prior case, although Robertson references numerous legal precepts in the Amended Complaint, his allegations concerning the actions of the Lancaster County Clerk of Court during his criminal trial are best construed as raising an access to the courts claim under 42 U.S.C. § 1983. *See, e.g., Johnson v. McGinley*, 2022 WL 1297113, at *4 (M.D. Pa. Mar. 3, 2022) (holding that the inmate's allegation that the Clerk of Court failed to send out legal documents raised the "fundamental constitutional right of access to the courts" embodied in the First and Fourteenth Amendment) (citing *Lewis v. Casey*, 518 U.S. 343, 346 (1996)).[6]  "Under the First and Fourteenth Amendments, prisoners retain a right of access to the courts." *Monroe v. Beard*, 536 F.3d 198, 205 (3d Cir. 2008).  "Where prisoners assert that defendants' actions have inhibited their opportunity to present a past legal claim, they must show (1) that they suffered an 'actual injury' -- that they lost a chance to pursue a 'nonfrivolous' or 'arguable' underlying claim; and (2) that they have no other 'remedy that may be awarded as recompense' for the lost claim other than in the present denial of access suit." *Monroe*, 536 F.3d at 205 (citing *Christopher v. Harbury*, 536 U.S. 403, 415 (2002)).  The right of access to the courts "rest[s] on the recognition that the right is ancillary to the underlying claim, without which a plaintiff cannot have suffered injury by being shut out of court." *Christopher*, 536 U.S. at 415.  In other words, a prisoner claiming that he was denied access to the courts must allege an injury traceable to the

---

[6] Although the Amended Complaint lists several federal constitutional rights and various legal precepts as the basis for this Court's jurisdiction, (*see, e.g.,* ECF No. 7 at 2-3 (listing the Fifth, Eighth, and Fourteenth Amendments, as well as the Due Process clause and the Equal Protection clause, and the Universal Declaration of Human Rights)), such passing references are not sufficient to raise claims under these principles.  *See Campbell v. LVNV Finding, LLC and Resurgent Capital Servs.*, No. 21-5388, 2022 WL 6172286, at *7 (E.D. Pa. Oct. 7, 2022) (A "'passing reference' to jurisprudential precepts without more does not bring that issue before the Court in that it provides no basis for a ruling one way or the other.") (citing *Laborers' Int'l Union of N. Am., AFL-CIO v. Foster Wheeler Energy Corp.*, 26 F.3d 375, 398 (3d Cir. 1994)); *Alexis v. Sessions*, No. 18-2099, 2018 WL 5077899, at *2 n.1 (D.N.J. Oct. 18, 2018).  In any event, they do not change the Court's legal analysis.

deficiencies of which he complains. *Diaz v. Holder*, 532 F. App'x 61, 63 (3d Cir. 2013) (*per curiam*). In general, an actual injury occurs when a prisoner demonstrates that a "nonfrivolous" and "arguable" claim was lost because of the denial of access to the courts. *Christopher*, 536 U.S. at 415.

Robertson's access to courts claim is, however, once again barred by the *Heck* favorable termination rule. When a plaintiff seeks damages in a civil rights lawsuit, "the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Heck*, 512 U.S. at 487. Commonly referred to as the "*Heck* bar," *see Wallace v. Kato*, 549 U.S. 384, 385 (2007), this rule prevents plaintiffs from bringing claims, the success of which would render a sentence or conviction invalid, unless the plaintiff can show "that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. at 486-87.

Robertson's access to the court's claim, which is based on Pfursich's alleged actions during the underlying state court criminal proceeding, is barred by *Heck* because success on the claim necessarily implies the invalidity of his conviction by way of a guilty plea. *See id.* at 479; *Curry v. Yachera*, 835 F.3d 373, 379 (3d Cir. 2016); *see also Saunders v. Bright*, 281 F. App'x 83, 85 (3d Cir. 2008) (*per curiam*) (determining that the allegation that court employee defendants failed to provide trial transcripts, depriving plaintiff of documents necessary to establish his innocence at retrial and direct appeal, was *Heck*-barred because relief requested could not be granted without collaterally rendering plaintiff's conviction effectively invalid);

8

*Petlock v. Nadrowski*, No. 16-310, 2023 WL 143341, at *15 (D.N.J. Jan. 10, 2023) (concluding that the plaintiff's access to the courts claim that was based on allegations he was unable to prepare an adequate defense to the criminal charges against him would necessarily imply the invalidity of his guilty plea and was *Heck*-barred); *Carter v. Leonard*, No. 20-0070, 2022 WL 20542038, at *1 (W.D. Pa. Mar. 17, 2022) (finding access to courts claim barred by *Heck* because plaintiff could only prevail on the claim if he showed that the audio recordings he sought could make a difference in a nonfrivolous challenge to his convictions (citing *Monroe v. Beard*, 536 F.3d 198, 205 (3d Cir. 2008)); *Hersh v. Chester Cnty. Clerk of Cts.*, No. 21-2615, 2021 WL 5139971, at *2 (E.D. Pa. Nov. 3, 2021) ("Claims against court personnel whose conduct allegedly draws into question the integrity of the underlying conviction are barred by *Heck*." (*citing Tedford v. Hepting*, 990 F.2d 745, 749-50 (3d Cir. 1993) (holding that the claim for damages against court staff for allegedly tampering with transcript was not cognizable in a § 1983 action "absent a successful challenge to the underlying conviction"))); *Ward v. Aviles*, No. 11-6252, 2016 WL 1461753, at *5 (D.N.J. Apr. 13, 2016) (finding the plaintiff's access to courts claim for damages was *Heck*-barred because success on the claim would imply that his conviction was invalid, and if it did not imply invalidity, then plaintiff could not show that he suffered actual injury).

Robertson does not allege that his conviction was invalidated. Additionally, the public docket reflects that the conviction is still valid. *See Commonwealth v. Robertson*, CP-36-CR-0004246-2021 (C.P. Lancaster). Thus, any claim Robertson seeks to assert that implies the invalidity of his intact state court conviction is not cognizable in a § 1983 action. *See Garrett,* 17 F.4th at 429 ("*Heck* is clear that the favorable-termination requirement is a necessary element of the claim for relief under § 1983."). Accordingly, the Court will dismiss the access to the courts

claim, without prejudice to Robertson refiling it in a new lawsuit only in the event his conviction is ultimately invalidated.

### B. State Law Claims

To the extent Robertson again seeks to assert claims against Defendant Pfursich under state tort law, he has not pled an independent basis for the Court's jurisdiction over those claims.[7] District courts may exercise jurisdiction over cases raising claims exclusively under state law if "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a). Section 1332(a) requires "'complete diversity between all plaintiffs and all defendants,'" which means that "unless there is some other basis for jurisdiction, 'no plaintiff [may] be a citizen of the same state as any defendant.'" *Lincoln Ben. Life Co.*, 800 F.3d at 104 (quoting *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) and *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010) (internal footnotes omitted)). An individual is a citizen of the state where he is domiciled, meaning the state where he is physically present and intends to remain. *See Washington v. Hovensa LLC*, 652 F.3d 340, 344 (3d Cir. 2011). "[T]he domicile of a prisoner before his imprisonment presumptively remains his domicile during his imprisonment." *Pierro v. Kugel*, 386 F. App'x 308, 309 (3d Cir. 2010). A plaintiff commencing an action in federal court bears the burden of establishing federal jurisdiction. *See Lincoln Ben. Life Co.*, 800 F.3d at 105 ("The

---

[7] Because the Court has dismissed Robertson's federal claims, the Court will not exercise supplemental jurisdiction over any state law claims. *See* 28 U.S.C. § 1367(c)(3) (providing that "district courts may decline to exercise supplemental jurisdiction over a claim. . . if . . . [the court] has dismissed all claims over which it has original jurisdiction"); *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009) ("A district court's decision whether to exercise that jurisdiction after dismissing every claim over which it had original jurisdiction is purely discretionary.").

burden of establishing federal jurisdiction rests with the party asserting its existence." (citing *DaimlerChrysler Corp.*, 547 U.S. at 342 n.3)).

Robertson identifies Defendant Pfursich and himself as citizens of Pennsylvania. (*See* ECF No. 7 at 2-3.) Since the Amended Complaint fails to allege a basis for diversity jurisdiction, any state law claims will be dismissed without prejudice for lack of jurisdiction.

## IV.   CONCLUSION

For the foregoing reasons Robertson's federal claim against Defendant Pfursich is *Heck*-barred and will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) without prejudice to Robertson filing a new civil rights complaint only in the event his conviction is reversed, vacated, or otherwise invalidated. *See Curry*, 835 F.3d at 379 (*Heck*-barred claims must be dismissed without prejudice). Any state law claims will be dismissed for lack of subject matter jurisdiction without prejudice to Robertson reasserting those claims in state court if he chooses to do so.[8] Plaintiff is advised that the period of limitations for these claims was tolled during the pendency of this action and "for a period of 30 days after it is dismissed unless State law provides for a longer tolling period." 28 U.S.C. § 1367(d). Leave to amend in this Court will not be given as any attempt to amend would be futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108, 110 (3d Cir. 2002). Robertson's motion for an extension of time to file an Amended Complaint will be denied as moot.

An separate Order follows.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*
**JOSEPH F. LEESON, JR.**
**United States District Judge**

---

[8]   The Court expresses no opinion on the merits of any state law claims.

11